IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 2:12-cv-334-MHS-CMC |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| NUTRISYSTEM, INC., | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT NUTRISYSTEM, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Nutrisystem, Inc. ("Nutrisystem") files this Answer to Plaintiff DietGoal Innovations LLC's ("DietGoal" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint") and states as follows. Plaintiff's opening paragraph does not contain any allegations requiring a response. However,, Nutrisystem admits that Plaintiff's pleading purports to be a complaint for patent infringement, but denies Nutrisystem has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief. Nutrisystem's specific responses to the numbered allegations are set forth below.

**PARTIES**

1.      Nutrisystem is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and therefore denies them.

2. Nutrisystem admits that it is a Delaware corporation with its principal place of business located at 600 Office Center Drive, Fort Washington, Pennsylvania 19034. Nutrisystem denies that it has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201, as its agent for service of process.

## JURISDICTION AND VENUE

3. Nutrisystem admits that the Complaint alleges infringement under the patent laws of the United States, Title 35 of the United States Code, however, Nutrisystem denies it has committed any act of infringement in this district or elsewhere.

4. Nutrisystem admits that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Nutrisystem admits that this Court has personal jurisdiction over Nutrisystem for this matter. Nutrisystem admits only that it has sales of Nutrisystem products in Texas. Nutrisystem denies all the other allegations in Paragraph 5.

6. Nutrisystem admits that venue is proper in the Eastern District of Texas for this action under 28 U.S.C §§ 1391(c), and that venue for the alleged patent infringement action is proper in this District under 28 U.S.C. § 1400. Nutrisystem admits that it has transacted business in this district. Nutrisystem denies that the Eastern District of Texas is the most convenient venue. Nutrisystem denies all other allegations in Paragraph 6.

## THE PATENT-IN-SUIT

7. Nutrisystem admits that Plaintiff has attached a document that facially purports to be United States Patent No. 6,585,516 ("the '516 patent"), entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning," bearing an issue date of July 1, 2003.

8. Nutrisystem is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 and therefore denies them.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,585,516

9. Denied.

10. Denied.

11. Nutrisystem is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies them.

12. Denied.

## DEMAND FOR JURY TRIAL

13. Paragraph 13 of the Complaint is not comprised of allegations that require an admission or denial.

## PRAYER FOR RELIEF

14. Nutrisystem denies that Plaintiff is entitled to any of its requested relief and denies all allegations contained in subsections (1)-(6) of Plaintiff's "Prayer for Relief."

## AFFIRMATIVE DEFENSES

15. Nutrisystem asserts the following defenses in response to the allegations in Plaintiff's Complaint without admitting, acknowledging, or assuming the burden of proof on such defenses that would otherwise rest on Plaintiff. Nutrisystem reserves the right to amend or supplement its Answer and defenses as may be warranted by the information developed through subsequent discovery. All such defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

16. Nutrisystem is not infringing and has not directly, indirectly or jointly infringed any valid and enforceable claim of the Patent-in-Suit, either literally or by application of the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

17. One or more of the claims of the '516 patent are invalid for failing to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not necessarily limited to the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches/Equitable Estoppel)

18. The Complaint, and each cause of action contained in the Complaint, is barred, in whole or in part, by the doctrine of laches or equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

19. DietGoal's claims are, in whole or in part, barred by prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

20. Plaintiff's request for relief is barred or otherwise limited by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalid Claims)

21. Plaintiff's requested relief is barred or otherwise limited by 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (Exhaustion)

22. Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the

first-sale doctrine, implied license, and restrictions on double recovery.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

23. The doctrine of waiver, in whole or in part, bars any claim by Plaintiff that Nutrisystem infringed the '516 patent.

## NINTH AFFIRMATIVE DEFENSE
### (Limitation On Damages)

24. Plaintiff's request for relief is barred or otherwise limited by 35 U.S.C. § 286.

## TENTH AFFIRMATIVE DEFENSE
### (Indirect Infringement)

25. To the extent that Plaintiff asserts that Nutrisystem indirectly infringes, Nutrisystem is not liable to Plaintiff for the acts alleged to have been performed before Nutrisystem knew that its actions could cause indirect infringement.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Express Or Implied License)

26. Nutrisystem's actions with respect to any accused activity or product may be covered by one or more licenses granted for the '516 patent.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reservation)

27. Nutrisystem reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

## COUNTERCLAIMS

Nutrisystem asserts the following counterclaims against Plaintiff:

1. Nutrisystem is a Delaware corporation, with its principal place of business at 600 Office Center Drive, Fort Washington, Pennsylvania 19034.

2. DietGoal alleges in paragraph 1 of its Complaint that it is a Texas limited liability company based in Austin, Texas.

3. These counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq., and seek declaratory relief for which this Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of U.S. Patent No. 6,585,516 ("the '516 patent").

5. The Court has personal jurisdiction over Plaintiff.

6. To the extent that this action remains in this District, venue is appropriate for Nutrisystem's counterclaims at least because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

7. In its Complaint, Plaintiff asserts that Nutrisystem has directly and indirectly infringed the '516 patent.

8. The '516 patent is invalid, unenforceable, and/or has not and is not directly or indirectly infringed by Nutrisystem.

9. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '516 patent.

**FIRST CLAIM FOR RELIEF**
**(Declaration Of Noninfringement Of U.S. Patent No. 6,585,516)**

10. Nutrisystem realleges and incorporates by reference the allegations of paragraphs 1-9 as though fully set forth herein.

11. There is an actual, substantial, and continuing justiciable controversy between DietGoal and Nutrisystem regarding infringement of the claims of the '516 patent.

12. Nutrisystem does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

13. A judicial determination and declaration of the respective rights and duties of the parties in this regard are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## SECOND CLAIM FOR RELIEF
### (Declaration Of Invalidity Of U.S. Patent No. 6,585,516)

14. Nutrisystem realleges and incorporates by reference the allegations of paragraphs 1-13 as though fully set forth herein.

15. There is an actual, substantial, and continuing justiciable controversy between DietGoal and Nutrisystem regarding the validity of the claims of the '516 patent. Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '516 patent against Nutrisystem and its products and/or services, and thereby cause Nutrisystem irreparable injury and damage.

16. The claims of the '516 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

17. A judicial determination and declaration of the respective rights and duties of the parties in this regard are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## DEMAND FOR JURY TRIAL

18. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nutrisystem demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Nutrisystem prays that this Court enter judgment:

(a) dismissing DietGoal's Complaint against Nutrisystem with prejudice;

(b) holding that DietGoal is not entitled to any relief, whether in law or equity or otherwise, from its suit against Nutrisystem;

(c) declaring that Nutrisystem has not infringed and does not infringe any claim of the '516 patent;

(d) declaring that the claims of the '516 patent are invalid;

(e) permanently enjoining DietGoal, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '516 patent against Nutrisystem or any parents, affiliates, or subsidiaries of Nutrisystem or their respective officers, agents, employees, successors, and assigns;

(f) finding that this case is exceptional and awarding Nutrisystem its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

  (g) awarding Nutrisystem any other relief, in law and in equity, to which the Court finds Nutrisystem is justly entitled.

Dated: September 10, 2012     Respectfully submitted,

                MORGAN, LEWIS & BOCKIUS LLP

                */s/ Winstol D. Carter, Jr.*
                Winstol D. Carter, Jr., Lead Attorney
                State Bar No. 03932950
                wcarter@morganlewis.com
                Thomas R. Davis
                State Bar No. 24055384
                tdavis@morganlewis.com
                Jackob Ben-Ezra
                State Bar No. 24073907
                jben-ezra@morganlewis.com
                1000 Louisiana Street, Suite 4000
                Houston, Texas 77002
                713.890.5000 Telephone
                713.890.5001 Facsimile

                ATTORNEYS FOR DEFENDANT
                NUTRISYSTEM, INC.

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 10, 2012.

                /s/ *Winstol D. Carter, Jr.*
                Winstol D. Carter, Jr.